**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SEGA CORPORATION and SEGA OF AMERICA, INC.,<br><br>Plaintiffs,<br>v.<br><br>BENGRAC0, et al.,<br><br>Defendants. | Case No. 26-cv-06459<br><br>**Judge Manish S. Shah**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' CORRECTED MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs Sega Corporation and Sega of America, Inc. ("Plaintiffs" or "Sega") request this Court's authorization to serve process by electronically publishing a link to the Complaint, the Preliminary Injunction, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. Sega submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

## INTRODUCTION

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators, like Defendants, offering for sale products using infringing intellectual property typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See* Declaration of Martin F. Trainor (the "Trainor Declaration") at ¶ 2. Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Sega will almost certainly be left without the ability to pursue a final judgment.

## ARGUMENT

### I. The Hague Convention Does Not Apply Because the Group 1 Defendants' Addresses are Not Known

Sega has good cause to suspect that certain Defendants ("Group 1 Defendants")[1] are residents of foreign jurisdictions which are signatories to the Hague Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention"). *Id*. at ¶ 3. According to Article 1 of the Hague Convention, the "[t]his Convention shall not apply where the address of the person to be served with the document is not known." *Id*. at ¶ 5; *see Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp Co.*, 177 F.4th 793, 799 (7th Cir.

[1] The Group 1 Defendants are Defendant Nos. 1-4, 7-9, 12, 15-16, 18-25, 27-35, 38-42, 44-45, 47, 51-53, 55-59, 61-69, 71-80, and 83, 85-86

2026) (holding the Hague Convention does not apply under Article 1 where the defendant's address is not known after reasonably diligent efforts to ascertain and verify it).

In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as Alibaba, AliExpress, Amazon, eBay, Etsy, Fruugo, Walmart, and Wish when registering their account. *Id.* at ¶ 3. Since e-commerce store operators can currently input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. *Id.* at ¶ 4. Here, Sega conducted a reasonably diligent investigation of each of the addresses provided by the third party providers in response to the Temporary Restraining Order [20], or if one was not provided, the address listed on the Defendant's storefront, and determined that there was no identifiable business associated with the Defendants located at the addresses. Declaration of Victor B. Chahin (the "Chahin Declaration") at ¶¶ 3-70. No physical address was available for Defendant Nos. 31, 33, and 73. *Id.* at ¶ 3. Where no address was provided in the first instance, there is no address to ascertain or verify, and the address of the person to be served is not known within the meaning of Article 1. As such, Defendants' addresses are not known so the Hague Convention does not apply to the Group 1 Defendants. *See Hallmark Licensing, LLC v. P'ships & Unincorporated Ass'n Identified in Schedule "A"*, Case No. 24-cv-112 (N.D. Ill. Mar. 31, 2025) (Docket Entry No. 70) (Bucklo, J.) (unpublished).

**II. <u>Electronic Service is Appropriate as to All Other Defendants</u>**

Sega has good cause to suspect that certain Defendants ("Group 2 Defendants")[2] are residents of Indonesia or Thailand. Trainor Declaration at ¶ 3. There do not appear to be any treaties between the United States and Indonesia or Thailand prohibiting electronic service of

[2] The Group 2 Defendants are Defendant Nos. 10-11, 13-14, and 26

process. *See DFSB Kollective Co., Ltd. v. Bing Yang*, 2013 WL 1294641, at *10 (N.D. Cal. 2013) ("Neither Indonesia nor Vietnam are parties to the Hague Convention and there are no treaties between these countries and the United States regarding service of documents. Thus, there are no international agreements prohibiting service by e-mail."); *U.S. Strategic Cap. Advisors, LLC v. Croft Ventures, LLC*, 2025 WL 1253566, at *1 (N.D. Ga. 2025) ("Thailand does not prohibit email or private process service because it has neither signed the Hague Convention on Service Abroad nor any other international service agreement."); *see also Mongkol Muay Thai Corp. v. JG (Thailand) Co. Ltd.*, 2023 WL 5599613, at *3 (S.D. Cal. 2023) ("Thailand is not a signatory to the Hague Convention.").

Because no international agreement prohibits electronic service of process on individuals located in the above-referenced countries, alternative service pursuant to Rule 4(f)(3) is appropriate.

## III. <u>E-mail Service is Constitutionally Acceptable</u>

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id*. at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id*. at 1017-18. Since no international treaty applies to the Defendants, no such treaty impacts the Court's analysis under Rule 4(f)(3).

E-mail is a prompt and reliable method of communication to apprise Defendants of the pendency of this action. E-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. E-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers ACT. *See* 15 U.S.C. § 45f. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

## **CONCLUSION**

For the reasons set forth herein, Sega respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[3] that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

[3] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, <u>or may serve copies of a single original bearing the names of multiple defendants</u> if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).

Dated this 27th day of August 2026.

Respectfully submitted,

/s/ Martin F. Trainor
Martin F. Trainor
Alexander Whang
Victor B. Chahin
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
alexander@tme-law.com
victor@tme-law.com

*Counsel for Plaintiffs Sega Corporation and Sega of America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system and I will electronically publish the documents on a website and send an email to the email addresses identified in Exhibit A to Plaintiff's Corrected Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3). that includes a link to said website.

/s/ Martin F. Trainor
Martin F. Trainor
Alexander Whang
Victor B. Chahin
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
alexander@tme-law.com
victor@tme-law.com

*Counsel for Plaintiffs Sega Corporation and Sega of America, Inc.*